IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-02145-PSF-CBS

TEXAS CLINICAL LABS, INC.;
TEXAS CLINICAL LABS, LLC;
TEXAS CLINICAL LABS - GULF DIVISION, INC.;
TEXAS CLINICAL LABS - GULF DIVISION, LLC; and
THE ESTATE OF DANIEL P. CAMPBELL,

      Plaintiffs,

v.

MIKE LEAVITT, Unites States Secretary of Health and Human Services; and
UNKNOWN EMPLOYEES AND AGENTS OF THE DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

      Defendants.
_____

## ORDER ON PENDING MOTIONS
_____

      This matter comes before the Court on the motions to dismiss filed by Defendant

Mike Leavitt on February 2, 2006 (Dkt. ## 19 and 20), which were filed prior to plaintiffs

filing their Amended Complaint on March 17, 2006, and on the defendants' Motion to

Dismiss the Amended Complaint (Dkt. # 35), filed April 10, 2006.

      In their motion to dismiss the Amended Complaint, defendants state that believe

the filing of the Amended Complaint rendered moot their prior motions to dismiss

(Motion, Dkt. # 35, at 3, n.1) and this Court agrees.  Accordingly, the motions filed on

February 2, 2006 (Dkt. ## 19 and 20) are DENIED as moot, however the Court will

consider the exhibits marked as Exhibits A through O to Dkt. # 20, to the extent they

are referenced in the parties' briefs filed in connection with the motion to dismiss filed April 10, 2006.

Plaintiffs filed their response to the motion to dismiss the Amended Complaint on May 4, 2006 (Dkt. # 39), defendants field their reply brief on May 19, 2006 (Dkt. # 44) and plaintiffs field a surreply on June 6, 2006 (Dkt. # 44).  The matter  is ripe for determination.  The Court has determined that oral argument on the motions will not materially assist the Court.

**BACKGROUND**

The original complaint in this case, filed October 26, 2005, was brought on behalf of only three of the five plaintiffs now listed in the above caption–"Texas Clinical Labs, Inc., n/k/a Texas Clinical Labs, LLC"; "Texas Clinical Labs,–Gulf Division, Inc., n/k/a Texas Clinical Labs–Gulf Division, LLC"; and the Estate of Daniel P. Campbell ("Estate").  The two LLCs are both identified in the complaint as Colorado limited liability companies (Complaint, ¶¶ 2, 3).  The Estate is described as the sole member of the two Colorado LLCs (*id.,* ¶ 4).  Mr. Campbell, while alive, is alleged to have been the sole shareholder of the Texas corporations named Texas Clinical Labs, Inc. and Texas Clinical Labs–Gulf Division, Inc. (hereafter referred to as the "Texas corporations") (*Id.*, ¶ 4).  The only defendant named in the original complaint was Mike Leavitt who was sued in his capacity as Secretary of Health and Human Services ("Secretary"), which agency is charged with administering the Federal Medicare Program (*id.*, ¶ 5).

The complaint alleges a lengthy and complex effort by the Texas corporations, described in the complaint as independent laboratories that provided clinical services

2

to long-term care facilities in Texas (*id.*, ¶ 8), to obtain payments pursuant to the

Federal Medicare Program for services rendered, which payments they eventually

obtained.  It is unnecessary in this Order to summarize the allegations regarding the

long and tedious process relating to the award of the medicare payments, as it suffices

to state that the plaintiffs asserted in the complaint that they are entitled to more

interest on the delayed payments from the Federal Medicare Program they did receive

than was allowed by the determination of the medicare program, which determination is

ultimately the decision of the Secretary (*id.* at ¶¶ 28-29).

The complaint seeks a declaration under the Administrative Procedure Act,

5 U.S.C. § 706, that the determination of the Secretary as to the interest amount was

arbitrary and capricious, contrary to the constitutional and statutory rights of the

plaintiffs, and resulted from a failure to follow proper procedures (First Claim for Relief).

The complaint also alleges that the process they went through constitutes a deprivation

of rights, privileges and immunities without due process, for which the seek damages

and loses allegedly suffered (Second Claim for Relief).  The complaint also alleges that

the process constituted and "abuse of process" for which they seek damages (Third

Claim for Relief).

As noted above, the Secretary, as sole defendant filed two motions to dismiss

the complaint on February 2, 2006.  One motion, captioned "Defendant's Motion To

Dismiss Pursuant To Fed. R. Civ. P. 12(b)(2)" (Dkt. # 19) sought to dismiss the Second

Claim for Relief, described in the motion as a *Bivens*-type claim, on the grounds that

this Court in Colorado does not have personal jurisdiction over the Secretary as the

claim fails to show the minimum contacts required to exercise personal jurisdiction (Motion at 2-3).  The other motion, captioned Motion to Dismiss Pursuant to F.R.Civ.P. 12(b)(1) and F.R.Civ.P. 12(b)(6) (Dkt. # 20) sought to dismiss the claims on the grounds that the Colorado LLCs and the Estate did not have standing to assert claims belonging to the Texas corporations; that the claims against the Secretary are barred by the doctrine of sovereign immunity, and that the District of Colorado was an inappropriate venue for this case, as much of the underlying claims process had occurred in Texas, and in particular, in the District Court for the Norther District of Texas (Motion at 2).

On March 17, 2006, the plaintiffs filed a combined response to both motions (Dkt. # 30) and an Amended Complaint (Dkt. # 31).  The Amended Complaint added as parties plaintiff the two Texas corporations, stating that each entity "was a corporation organized under the laws of and incorporated in the State of Texas" (Amended Complaint at ¶¶ 2, 3).  The Amended Complaint also added the "unknown" defendants referenced in the caption, describing them as "current or former employees or agents of the federal health care administration system administering the federal Medicare program" who allegedly participated in the procedural matter s about which the plaintiffs complain (*id.* at ¶ 8).  The second claim for relief is brought only against the "unknown defendants" (*id.* at ¶ 45) and no longer against Defendant Levitt.  Finally, the Amended Complaint drops the abuse of process claim that had been the Third Claim for Relief in the original complaint.  Otherwise, the Amended Complaint pled the same facts and causes of action as the original complaint.

4

On April 10, 2006, defendants filed their pending motion to dismiss the Amended Complaint pursuant to F.R.Civ.P. 12(b)(1) and (6) (Dkt. # 35) ("Amended Motion").  The amended motion makes no argument under Rule 12(b)(2) as to the lack of personal jurisdiction over Defendant Levitt, as had been argued in the prior motion to dismiss (Dkt. # 19). The amended motion states that it is "assumed that the Amended Complaint renders the initial motion moot." (Motion at 3, n. 1).  As noted above, the Court understands this note to refer to both of the preceding pending motions and they are denied as moot.

The amended motion seeks dismissal of the amended complaint on three grounds, asserting again that the named Colorado LLC plaintiffs lack standing to bring these claims (Amended Motion at 17-20), that the claims of the Texas corporations are barred by the statute of limitations (*id.* at 20-22), and that the Second Claim for Relief fails to properly state a *Bivens* claim as it fails to provide adequate notice or specifics of the improper conduct alleged to support a claim for personal liability against agency employees (*id.* at 24-26).  The amended motion also seeks a dismissal of the case for improper venue or alternatively a transfer of venue of this case to the Northern District of Texas for the same reasons asserted in the prior motion to dismiss (*id.* at 22-23).

The Court agrees that this case should be transferred to the Northern District of Texas for the reasons set forth below.  Because the case should be transferred, the Court need not reach the defendants' other arguments for dismissal, leaving those to the Northern District of Texas court to decide.

Defendants correctly state, and plaintiffs do not appear to disagree, that the pertinent statutes provide for review of a final decisions by the Secretary to a "party" to the administrative proceeding.  *See* 42 U.S.C. § 405(g).  Under 42 U.S. C. §1395ff(b)(1)(A), the method of judicial review provided for in 42 U.S.C. §§ 405(g) is made available to "any individual dissatisfied" with a Secretary's decision.  The statutory scheme further provides, in pertinent part, that the proper venue for a case seeking judicial review under 42 U.S.C. § 405(g) of the Secretary's determination is in the district where the plaintiff resides, or has his principal place of business, or otherwise in the District Court for the District of Columbia, or if judicial review is sought under 1395ff(b)(2)(C)(iii), the district where the "appellant" is located, or District Court for the District of Columbia.

Defendants assert that neither the Colorado LLCs nor the Estate were parties to the administrative  proceedings at issue here, and therefore lack standing to bring these actions for judicial review.  This seems beyond dispute, since the Colorado LLCs were apparently not formed until November 2003, well after most of the administrative proceedings had occurred.  The defendants suggest that the only proper plaintiffs for such a case are therefore the Texas corporations that were parties to the administrative proceedings, and if they can bring this case it must be brought in Texas or the District of Columbia (Motion at 22-23).

The first problem with this simple solution to the proper party issue is that the Texas corporations are no longer in existence, having been apparently having become inactive not later than 1996 (Defendant's Amended Motion at 10).  As noted above, the

defendants further assert that even if the claims are brought by the Texas corporations, they are barred by the statute of limitations.

Plaintiffs argue that the issue is not one of standing, but rather whether the claims are being brought by the real party in interest (Plaintiffs' Response at 5-6). Plaintiffs assert that as a matter of either Texas corporate law, or general corporate principles, the Colorado LLCs stand as successors in interest to the Texas corporations, and thus have standing or are the real party in interest to the claims (*id.* at 6-8). Whether or not the plaintiffs are correct in arguing that the claims may now be brought by the Colorado LLCs as successors in interest, and this Court does not decide that issue, under the statutory scheme described above, the claims still should be brought in the venue where the parties to the administrative proceedings existed at the time of those proceedings, or in the District of Columbia.

Moreover, the history of this case demonstrates that the Northern District of Texas is the proper venue for this case. As noted, when appeals were taken from the earlier administrative decisions of the Secretary, they were properly filed in the Northern District of Texas, and thereafter appealed to the Fifth Circuit Court of Appeals. Even if the Colorado LLCs are the successors in interest to the Texas corporations, the case should still be brought in the district where the dispute has been litigated. Thus under 28 U.S.C. § 1404(a), the Court finds that the interest of justice requires a transfer of this case to the Northern District of Texas.

In addition, the Court notes that a prior ruling by Judge Carrigan of this district supports, if not requires, transfer of this case to the Northern District of Texas. In

7

*Colorado Clinical Labs, Inc. v. Sullivan*, 715 F. Supp. 985, 987 (D. Colo. 1989), Judge Carrigan's determined that venue of a prior appeal brought by the Texas corporations from a secretary's determination was more appropriately brought in Texas under 42 U.S.C. §§ 1395ff(b) and 405(g), or 28 U.S.C. § 1391, because the two plaintiffs, the Texas corporations, had no connection to Colorado and a third plaintiff, a Colorado corporation, was collusively joined solely to lay venue in the district by plaintiff. Although this Court is not suggesting that the formation of the Colorado LLCs was done collusively to create venue in Colorado, the rationale of Judge Carrigan's ruling still applies.  Moreover, it is arguably the law of the case.

For these reasons, this case is ordered to be transferred to the Northern District of Texas.  This Court does not reach any of the other arguments for dismissal advanced by defendants, and leave those to the determination of the transferee court.

**CONCLUSION**

Defendant Mike Leavitt Motions to Dismiss (Dkt. ## 19 and 20), which were filed on February 2, 2006 are DENIED as moot.

Defendants' Motion to Dismiss the Amended Complaint (Dkt. # 35), filed April 10, 2006, is GRANTED IN PART, and the Clerk of the Court is ordered to transfer this case to the Northern District of Texas.

DATED:  September 29, 2006.

BY THE COURT:

*s/ Phillip S. Figa*

_____

Phillip S. Figa
United States District Judge